SALTER
*vs*
MYERS.

*Trimble* for appellant: *Curry* for appellee.

---

ASSUMPSIT.

*Case* 69.

*April* 15.

The case stated.

## Salter *vs* Myers.

ERROR TO THE GARRARD CIRCUIT.

*Witness. Evidence. Juries.*

JUDGE BRECK delivered the opinion of the Court.

MYERS brought an action of assumpsit against Salter, and recovered a judgment for one hundred dollars, to reverse which, Salter prosecutes this writ of error.

The facts of the case as presented by the record, are substantially the following: Salter held a note upon Myers and one Woodward, for $228, due the 12th August, 1840. On the 28th November, 1840, Myers paid $100, which was credited upon the note, and also a separate receipt given.

Subsequently, in 1841, a suit was brought upon the note, and before judgment and on the 10th May, Salter and Myers called upon an individual to calculate the interest and amount due upon the note. How much money was in fact then paid, does not appear, except so far as

the receipt of Salter of that date, to Myers, may be evidence. This receipt was for $235 28. It appeared that the amount due at that time, upon the note, without taking into consideration the credit of $100, would have been a fraction over $238. Allowing the credit, the balance due would have been $135 49, and not noticing the odd days, which the witness states Salter said he would not be particular about, the balance would have been $135 23 cents.

The testimony further conduces to prove that Myers desired a receipt to enable him to settle with Woodward, who was a co-obligor upon the note.

Such being substantially the testimony, the Court, at the instance of Myers, instructed the jury : "that the receipt exhibited and the credit upon the note, were evidence of themselves, that the amount mentioned in said receipt and credit, were paid, and they must find for the plaintiff, unless the defendant explained away said receipt and credit by other evidence."

The instruction, in our opinion, was clearly misleading, and erroneous. The instruction is in effect, that the credit and receipt were conclusive of the payment of $335 26, unless explained away by other testimony by the defendant. It excludes from the consideration of the jury, the character of the transaction itself; the fact that Myers had been sued upon the note, and on that account, would have been less likely to have forgotten, in the course of four or five months, that he had paid off nearly half of it, that taking into consideration the credit upon the note, that the amount thereof and the balance due at the date of the receipt, would be within a few cents of the amount thereof; the wish expressed by Myers to have a receipt to enable him to settle with Woodward; that the note was before the parties when the calculation was made; that it was on file in the Clerk's office and not surrendered up to Myers ; these facts and circumstances it was the province of the jury to consider, and from them and the nature of the transaction, to determine whether the receipt did or not include the $100, which had been previously paid, and whether in point of fact, there had been an over payment of the note.

*The Court should not, by an instruction, withdraw from the jury the determination of matters of fact, determinable from other facts and circumstonces given in evidence.*

From the instruction, the jury might understand all the facts and circumstances referred to, not entitled to consideration, because they were a part of the testimony of the plaintiff, and not adduced by the defendant. But independent of this, we think it was the province of the jury to determine from the note itself, taking into consideration its amount, and the amount of the credit and its date, from the receipt, its date and amount, whether the note had been overpaid or not; whether the receipt did not, in fact, include the credit. With nothing before the jury but the note, the credit, and the receipt, we think they had a right to infer from the whole transaction, whether there had or not, been a double or over payment of the note.

It results that the Court erred in the instructions to the jury, and consequently, in overruling the motion for a new trial.

The judgment is reversed and the cause remanded, that a new trial may be granted and further proceedings had, not inconsistent with this opinion.

*Turner* for plaintiff: *Robertson and McKee* for defendant.

---

CHANCERY.

*Case* 70.

*April* 15.

The case stated.

5bm282
e118 902